UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TAMMY L. COHEN and PAUL H. COHEN,

                 Plaintiffs,

   -against-

INTERCONTINENTAL HOTELS CORPORATION
d/b/a CROWNE PLAZA WHITE PLAINS HOTEL and
SAFE STEP, INC.

                 Defendants.

------------------------------------------------------------------X

14 Civ. 2822(VB)

**Amended Complaint and Jury Demand**

      Plaintiffs, Tammy L. Cohen and Paul H. Cohen ("Plaintiffs"), by and through their attorneys, The Dweck Law Firm, LLP, complain of Defendants and respectfully set forth to this Court as follows:

### NATURE OF THE ACTION

    1.    This is an action for monetary damages resulting from the negligence of Defendants in permitting and/or creating dangerous and unsafe conditions to exist at the hotel, all of which resulted in Tammy L. Cohen sustaining serious personal injuries.

### JURISDICTION

    2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, in that Defendant Intercontinental Hotels Corporation is a citizen of Delaware, Defendant Safe Step, Inc. is a citizen of Minnesota and Plaintiffs are citizens of the State of Massachusetts, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## VENUE

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. §1391, because this action arises out of Defendants' wrongful, illegal and tortious conduct within the Southern District of New York.

## PARTIES

4. Tammy L. Cohen is a fifty-year-old individual.

5. Paul H. Cohen is a fifty-two-year-old individual.

6. At all times relevant herein, Tammy L. Cohen and Paul H. Cohen were and still are legally married.

7. At all times hereinafter mentioned, Plaintiffs were and still are residents of the State of Massachusetts.

8. Upon information and belief, Defendant Intercontinental Hotels Corporation ("Intercontinental Hotels") is a foreign corporation, which is organized and existing under and by virtue of the laws of the State of Delaware.

9. Upon information and belief, at all times relevant herein Intercontinental Hotels conducted business on a continuous basis within the County of Westchester and State of New York.

10. Upon information and belief and at all relevant times herein, Intercontinental Hotels was and still is engaged in the hotel business.

11. Upon information and belief, Intercontinental Hotels was and still is the owner and/or managing agent in possession and control of certain lands and premises known as the Crowne Plaza White Plains-Downtown ("Crowne Plaza"), which is located at 66 Hale Avenue, White Plains, New York in the County of Westchester and State of New York (the "Hotel").

12. Upon information and belief, Defendant First Step, Inc. ("First Step") is a foreign corporation, which is organized and existing under and by virtue of the laws of the State of Minnesota.

13. Upon information and belief, at all times relevant herein First Step conducted business within the County of Westchester and State of New York.

14. Upon information and belief and at all relevant times herein, Safe Step was and still is engaged in the business of removing stains and applying chemical treatments to bathtubs to make them less slippery.

## FACTUAL ALLEGATIONS

15. At all times relevant herein, Paul H. Cohen was the lawfully wedded spouse of Tammy L. Cohen

16. On December 28, 2013, Plaintiffs rented a room at the Hotel, and were scheduled to check out on December 29, 2013.

17. At all times relevant herein, Intercontinental Hotels had exclusive control of and responsibility to maintain and inspect the shower facilities at the Hotel, and the duty to Plaintiffs and all its customers to make certain that the shower facilities were reasonably safe.

18. Upon information and belief, at some time in 2013 prior to Plaintiffs' stay at the Hotel, Intercontinental Hotels contracted with Safe Step to remove stains and apply chemical treatments to bathtubs to make them less slippery.

19. Upon information and belief, Safe Step agreed to perform its services in a workman like manner and guaranteed its slip reduction treatment for a period of two years.

20. On December 29, 2013, while Tammy L. Cohen was legally on the premises of the Hotel, and while carefully entering the shower, she unexpectedly and without warning slipped and fell, which caused her to be violently precipitated to the ground.

21. As a result of the fall, Tammy L. Cohen sustained serious personal injuries.

### AS AND FOR A FIRST COUNT

22. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs of the complaint numbered "1" through "21" inclusive, with the same force and effect as if set forth fully at length herein.

23. By virtue of its ownership and/or operation and/or management of the Hotel, Intercontinental Hotels owed a duty to members of the general public and invitees who rented rooms to keep the Hotel reasonably safe and free from hazardous and dangerous conditions.

24. Notwithstanding its absolute duty, Defendant caused, created and/or permitted dangerous conditions to exist at the Hotel.

25. The negligence, carelessness and recklessness of Intercontinental Hotels consisted of the following, without limitation:

a) failing and neglecting to take any measures to make the surface of the bathtub shower facilities slip resistant;

b) failing and neglecting to install a bar or railing in the bathtub/shower facilities;

c) failing and neglecting to maintain, inspect and/or control the shower facilities in a reasonably safe condition;

d) failing and neglecting to properly inspect the shower facilities;

  e) failing and neglecting to warn its customers of the dangerous and unsafe conditions;

  f) giving a false appearance and illusion of safety;

  g) permitting the shower facilities to become and remain, in an unsafe condition; and

  h) allowing said hazardous condition to exist for an unreasonably long period of time prior to the time that its negligence caused Tammy L. Cohen to slip and fall.

26. As a direct and proximate result of Intercontinental Hotels' negligence Tammy L. Cohen suffered significant, painful and permanent injuries.

27. Intercontinental Hotels' negligence, carelessness and recklessness caused Tammy L. Cohen's injuries, without any negligence on Plaintiffs' part contributing thereto.

28. Tammy L. Cohen's injuries were a foreseeable risk of Intercontinental Hotels' negligence.

29. As a result of Intercontinental Hotels' negligence, carelessness, and recklessness, Tammy L. Cohen sustained a torn rotator cuff and incurred expenses for hospital, medical care and attention.

30. Tammy L. Cohen's injuries prevented, and will continue to prevent, Tammy L. Cohen in the performance of her usual activities, and, upon information and belief, said injuries are of a permanent nature.

31. As a result of Intercontinental Hotels' negligence, carelessness, and recklessness, Tammy L. Cohen suffered, and still suffers great mental anguish.

32. As a result of Intercontinental Hotels' negligence as herein described, Tammy L. Cohen has suffered significant damages in an amount which will be determined at trial.

## AS AND FOR A SECOND COUNT

33. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs of the complaint numbered "1" through "21" inclusive, with the same force and effect as if set forth fully at length herein.

34. Safe Step was inattentive, reckless, careless and/or negligent in its actions and undertakings to make the bathtub reasonably slip resistant.

35. Safe Step guaranteed its slip resistant treatment for a period of no less than two years.

36. Safe Step owed a duty to Plaintiffs, who lawfully rented a hotel room at the Hotel within the period of Safe Step's guarantee, to ensure that the bathtub was not unreasonably slippery.

37. Notwithstanding this absolute duty, Safe Step caused, created and/or permitted dangerous conditions to exist by failing to perform its duties in a workman like manner; failing and neglecting to take any measures to make the surface of the bathtub/shower facilities slip resistant; giving a false appearance and illusion of safety; permitting the shower facilities to become and remain, in an unsafe condition; and allowing said hazardous conditions to exist for an unreasonably long period of time prior to the time that Defendant's negligence caused Tammy L. Cohen to slip and fall.

38. As a direct and proximate result of Safe Step's negligence Tammy L. Cohen suffered significant, painful and permanent injuries.

39. Safe Step's negligence, carelessness and recklessness caused Tammy L. Cohen's injuries, without any negligence on Plaintiffs' part contributing thereto.

40. Tammy L. Cohen's injuries were a foreseeable risk of Safe Step's negligence.

41. As a result of Safe Step's negligence, carelessness, and recklessness, Tammy L. Cohen sustained a torn rotator cuff and incurred expenses for hospital, medical care and attention.

42. Tammy L. Cohen's injuries prevented, and will continue to prevent, Tammy L. Cohen in the performance of her usual activities, and, upon information and belief, said injuries are of a permanent nature.

43. As a result of Safe Step's negligence, carelessness, and recklessness, Tammy L. Cohen suffered, and still suffers great mental anguish.

44. As a result of Safe Step's negligence as herein described, Tammy L. Cohen has suffered significant damages in an amount which will be determined at trial.

## AS AND FOR A THIRD COUNT

45. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs of the complaint numbered "1" through "44" inclusive, with the same force and effect as if set forth fully at length herein.

46. At all times relevant herein, Paul H. Cohen was the lawfully wedded spouse of Tammy L. Cohen, and as such, was entitled to the services, consortium and society of Tammy L. Cohen.

47. As a result of Defendants' negligence, Paul H. Cohen lost the said services, consortium and society of Tammy L. Cohen, and was caused to expend monies in the care and treatment of the injuries so sustained by Tammy L. Cohen.

48. As a result of Defendants' negligence, Paul H. Cohen is entitled to compensatory damages in a sum to be determined at trial.

WHEREFORE Plaintiffs demand a judgment against Defendants awarding Plaintiffs:

A. Compensatory damages for pain and suffering;

B. Reimbursement for the tens of thousands of dollars in medical expenses already expended plus the tens of thousands of dollars that will be expended for continuing medical and rehabilitation costs resulting from the physical and emotional damage suffered by Tammy L. Cohen;

C. Punitive damages;

D. Compensatory damages for loss of consortium; and

E. Interest, costs and disbursements of this action, together with such other legal or equitable relief as this Court may deem just and proper.

THE DWECK LAW FIRM, LLP

_____
By: Corey Stark (CS-3897)
*Attorneys for Plaintiffs*
10 Rockefeller Plaza
New York, New York 10020
(212) 687-8200

## JURY DEMAND

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
December 26, 2014

                                    THE DWECK LAW FIRM, LLP

                                    By Corey Stark (CS-3897)
                                    *Attorneys for Plaintiffs*
                                    10 Rockefeller Plaza
                                    New York, New York 10020
                                    (212) 687-8200