

**CALLAHAN & FUSCO** LLC
Attorneys at Law

103 EISENHOWER PARKWAY | SUITE 400
ROSELAND | NEW JERSEY | 07068

Johan A. Obregon, Esq. | Associate
103 Eisenhower Parkway, Suite 400
973-618-9770 | F: 973-618-9772
Roseland, New Jersey 07068
jobregon@callahanfusco.com

Roseland, NJ | New York, NY | Buffalo, NY | Philadelphia, PA | Ft. Lauderdale, FL

October 5, 2015

**VIA ECF**

The Hon. Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    **Tammy & Paul Cohen v. Safe Step, et al**
            **Civil Action No.:    14-Cv-2822**
            **Our File No.: QBE-020**
            **Dates of Loss: December 29, 2013**

Dear Judge Forrest:

      This office represents the defendant Safe Step, Inc., with respect to the above referenced matter.

      The purpose of this letter is to request an Order striking defendant Intercontinental Hotels Corporation d/b/a Crowne Plaza White Plains Hotel (hereinafter referred to as "IHG") Answer to the Amended Complaint with Cross-Claims filed October 5, 2015, as said pleadings have been filed long after the Court's July 20, 2014, deadline, and as IHG did not obtain leave of Court to file same. We are filing the instant motion in lieu of a request for a pre-motion conference as the deadline for Summary Judgment is scheduled for this Friday, October 9, 2015, and the trial of this matter is scheduled for December 14, 2015.

### Procedural Background

      On April 21, 2014, plaintiffs filed their Complaint with the Court naming IHG as the sole defendant. Annexed hereto as **Exhibit "A"** is a copy of said Complaint. Thereafter, on May 27, 2014, defendant IHG filed an Answer to plaintiff's Complaint. Annexed hereto as **Exhibit "B"** is a copy of said Answer. On May 30, 2014, defendant IHG filed an Amended Answer to plaintiff's Complaint. Annexed hereto as **Exhibit "C"** is a copy of said Amended Answer.

      On June 30, 2014, a Civil Case Discovery Plan and Scheduling Order was issued by the Honorable Justice Vincent Briccetti. Pursuant to said Order, "[a]mended pleadings may not be filed and additional parties may not be joined *except with leave of the Court*. Any motion to amend or to join additional parties shall be filed by July 30, 2014. (Absent exceptional circumstance, 30 days from date of this Order.)" Emphasis added. Annexed hereto as **Exhibit "D"** is a copy of Judge Briccetti's Order of June 30, 2014.

On December 12, 2014, plaintiff's counsel filed a motion seeking to amend the Complaint to add additional parties to the action, namely, my client Safe Step. Annexed hereto as **Exhibit "E"** is a copy of said letter motion. On December 12, 2014, Judge Briccetti issued an Order granting plaintiff's motion with respect to amending her complaint, and directed that the amended complaint be filed by December 31, 2014. Thereafter, on December 29, 2014, plaintiff filed an Amended Complaint naming IHG and Safe Step as defendants. Annexed hereto as **Exhibit "F"** is a copy of said Amended Complaint. Issue was joined by defendant Safe Step by filing an Answer to plaintiff's Amended Complaint on February 27, 2015. Annexed hereto as **Exhibit "G"** is a copy of said Answer. Defendant IHG did not file an Answer to plaintiff's Amended Complaint, nor were any cross-claims asserted against Safe Step. On March 5, 2015, this Honorable Court issued an Order directing that fact discovery shall close on July 1, 2015. Annexed hereto as **Exhibit "H"** is a copy of said Order.

On October 5, 2015, ten (10) months after plaintiff filed his Amended Complaint, without leave of court, and on the eve of motions for summary judgment being due, defendant IHG filed an Answer to plaintiff's Amended Complaint asserting Cross-Claims against defendant Safe Step. Annexed hereto as **Exhibit "I"** is a copy of said Answer with Cross-Claims.

## Legal Argument

This Court is well aware of the discovery that has been completed to date, including, the depositions of all parties. It is respectfully requested that this court strike the Answer to the Amended Complaint of IHG in its entirety, or, in the alternative strike the Cross-Claims asserted against defendant Safe Step, as defendant Safe Step will be highly prejudiced by allowing the Cross-Claims to be asserted against it at this late stage in the litigation. Moreover, IHG did not seek leave of Court to file its Answer with Cross-Claims.

The Answer to plaintiff's Amended Complaint with Cross-Claims has been filed four (4) days before motions for summary judgment are to be filed. During the deposition of defendant IHG Safe Step purposefully did not ask various questions that would have been asked had there been cross-claims asserted against it. Further, Safe Step has not had an opportunity to conduct any discovery regarding any potential cross-claims, as none were asserted up until yesterday. The failure to assert any cross-claims against Safe Step up until four days before motions for summary judgment are due has been an undue delay by IHG, and is highly prejudicial to Safe Step.

The filing of this late Answer and Cross-Claims is akin to filing an amended pleading. Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or, if no responsive pleading is permitted and the case has not yet been placed on the trial calendar, within twenty days after the pleading is served. After that point, absent written consent from the opposing party, leave to amend must be obtained from the district court. Fed. R. Civ. P. 15(a). In order for a party to be denied the right to amend its pleadings, though, the burden is on the non-moving party to show not just prejudice or delay but significant prejudice or undue delay. Barr v Charterhouse Group Int'l, Inc. (In re Everfresh Bevs., Inc.), 238 BR 558, 584 (Bankr SDNY 1999).

In Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 87-88 (2d Cir. 1998) the Court held that leave to amend should not be granted where the motion was made for leave to amend after discovery was complete and where the movant waited several years after learning of the facts underlying the new claims before seeking to amend. (reversed on other grounds). Here, all depositions have been conducted, fact discovery is closed, and motions for summary judgement are to be filed in three (3) days. It is severely prejudicial to defendant Safe Step if defendant IHG is be permitted to assert cross-claims at this late state in the litigation.

By filing this late Answer with Cross-Claims, IHG has violated the June 30, 2014, Civil Case Discovery Plan and Scheduling Order. Further, IHG has not shown any exceptional circumstances that would allow it to file this late pleading and cross-claims. Moreover, though the Affirmation of Services attest that IHG's Answer to Amended Complaint with Cross-Claims was served by ECF on March 31, 2015, it is clear from the filed stamped copy that this is not the case and that the Answer with Cross-Claims was in fact filed on October 5, 2015.

Should this Court permit the Cross-Claims of defendant IHG to stand, then it is respectfully requested that this Honorable Court issue an Order permitting Safe Step to conduct the deposition of defendant IHG and that the parties time to file motions for summary judgment be extended for a period of at least 45 days.

Based on the foregoing, it is respectfully submitted that defendant IHG's Answer to Amended Complaint with Cross-Claims be stricken with prejudice; or in the alternative, that the Cross-Claims of defendant IHG asserted in its Answer filed on October 5, 2015, against defendant Safe Step be stricken with prejudice.

Thank you for your consideration in this regard.

Respectfully submitted,

JOHAN A. OBREGON
(JO1348)

JAO/jm
Enclosures

cc:   Corey Stark, Esq. (via ECF)
      Scott Goldstein, Esq. (via ECF)