UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 2822**

-------------------------------------------------------------X

TAMMY L. COHEN and PAUL H. COHEN,

        Plaintiffs,

14 Civ.

-against-

INTERCONTINENTAL HOTELS CORPORATION
d/b/a CROWNE PLAZA WHITE PLAINS HOTEL,

        Defendant.

**Complaint and Jury Demand**

**JUDGE BRICCETTI**

-------------------------------------------------------------X

Plaintiffs, Tammy L. Cohen and Paul H. Cohen ("Plaintiffs"), by and through their attorneys, The Dweck Law Firm, LLP, complain of Defendant and respectfully set forth to this Court as follows:

## NATURE OF THE ACTION

1. This is an action for monetary damages resulting from the negligence of Defendant in permitting dangerous and unsafe conditions to exist at the hotel, all of which resulted in Tammy L. Cohen sustaining serious personal injuries.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, in that Defendant is a citizen of Delaware and Plaintiffs are citizens of the State of Massachusetts, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## VENUE

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. §1391, because this action arises out of Defendant's wrongful, illegal and tortious conduct within the Southern District of New York.

## PARTIES

4. Tammy L. Cohen is a fifty-year-old individual.

5. Paul H. Cohen is a fifty-two-year-old individual.

6. At all times relevant herein, Tammy L. Cohen and Paul H. Cohen were and still are legally married.

7. At all times hereinafter mentioned, Plaintiffs were and still are residents of the State of Massachusetts.

8. Upon information and belief, Intercontinental Hotels Corporation ("Defendant") is a foreign corporation, which is organized and existing under and by virtue of the laws of the State of Delaware.

9. Upon information and belief, at all times relevant herein Defendant conducted business on a continuous basis within the County of Westchester and State of New York.

10. Upon information and belief and at all relevant times herein, Defendant was and still is engaged in the hotel business.

11. Upon information and belief, Defendant was and still is the owner and/or managing agent in possession and control of certain lands and premises known as the Crowne Plaza White Plains-Downtown ("Crowne Plaza"), which is located at 66 Hale Avenue, White Plains, New York in the County of Westchester and State of New York (the "Hotel").

## FACTUAL ALLEGATIONS

12. On December 28, 2013, Plaintiffs rented a room at the Hotel, and were scheduled to check out on December 29, 2013.

13. At all times relevant herein, Defendant had exclusive control of and responsibility to maintain and inspect the shower facilities at the Hotel, and the duty to Plaintiffs and all its customers to make certain that the shower facilities were reasonably safe.

14. Defendant breached the duty that it owed to Plaintiffs.

15. On December 29, 2013, while Tammy L. Cohen was legally on the premises of the Hotel, and while carefully entering the shower, she unexpectedly and without warning slipped and fell, which caused her to be violently precipitated to the ground, as a result of which Tammy L. Cohen sustained serious personal injuries all of which were due to the negligence, carelessness and recklessness of Defendant as hereinafter described.

16. The negligence, carelessness and recklessness of Defendant consisted of the following, without limitation:

    a) failing and neglecting to take any measures to make the surface of the shower facilities slip resistant;

    b) failing and neglecting to install a bar or railing in the shower facilities;

    c) failing and neglecting to maintain, inspect and/or control the shower facilities in a reasonably safe condition;

    d) failing and neglecting to properly inspect the shower facilities;

    e) failing and neglecting to warn its customers of the dangerous and unsafe conditions;

    f) giving a false appearance and illusion of safety;

    g) permitting the shower facilities to become and remain, in an unsafe condition; and

      h) allowing said hazardous condition to exist for an unreasonably long period of time prior to the time that Defendant's negligence caused Tammy L. Cohen to slip and fall.

17. The aforesaid accident, and the injuries to Tammy L. Cohen resulting therefrom, were caused by the negligence, carelessness and recklessness of Defendant, without any negligence on the part of the Plaintiffs contributing thereto.

18. As a result of the negligence, carelessness and recklessness of Defendant, Tammy L. Cohen was rendered sick, sore, lame and disabled and sustained serious injuries, including but not limited to a torn rotator cuff, in and about her body, all of which, upon information and belief are of a severe and permanent nature. As a result of the foregoing, Tammy L. Cohen suffered severe physical and mental injuries and *was* unable to follow her usual daily activities, and incurred obligations for medical care and attention, and medically related expenses. Tammy L. Cohen suffered and still suffers from great physical and mental pain, all of which are believed to be of a permanent nature.

## AS AND FOR A FIRST COUNT

19. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs of the complaint numbered "1" through "18" inclusive, with the same force and effect as if set forth fully at length herein.

20. By virtue of its ownership and/or operation and/or management of the Hotel, Defendant owed a duty to members of the general public and invitees who rented rooms to keep the Hotel reasonably safe and free from hazardous and dangerous conditions.

21. Notwithstanding its absolute duty, Defendant caused, created and/or permitted dangerous conditions to exist at the Hotel.

22. As a direct and proximate result of Defendant's negligence Tammy L. Cohen suffered significant, painful and permanent injuries.

23. Defendant's negligence, carelessness and recklessness caused Tammy L. Cohen's injuries, without any negligence on Plaintiffs' part contributing thereto.

24. Tammy L. Cohen's injuries were a foreseeable risk Defendant's negligence.

25. As a result of Defendant's negligence, carelessness, and recklessness, Tammy L. Cohen sustained a torn rotator cuff and incurred expenses for hospital, medical care and attention.

26. Tammy L. Cohen's injuries prevented, and will continue to prevent, Tammy L. Cohen in the performance of her usual activities, and, upon information and belief, said injuries are of a permanent nature.

27. As a result of Defendant's negligence, carelessness, and recklessness, Tammy L. Cohen suffered, and still suffers great mental anguish.

28. As a result of Defendant's negligence as herein described, Tammy L. Cohen has suffered significant damages in an amount which will be determined at trial.

## AS AND FOR A SECOND COUNT

29. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs of the complaint numbered "1" through "18" inclusive, with the same force and effect as if set forth fully at length herein.

30. At all times relevant herein, Paul H. Cohen was the lawfully wedded spouse of Tammy L. Cohen, and as such, was entitled to the services, consortium and society of Tammy L. Cohen.

31. As a result of Defendant's negligence, Paul H. Cohen lost the said services, consortium and society of Tammy L. Cohen, and was caused to expend monies in the care and treatment of the injuries so sustained by Tammy L. Cohen.

32. As a result of Defendant's negligence, Paul H. Cohen is entitled to compensatory damages in a sum to be determined at trial.

WHEREFORE Plaintiffs demand a judgment against Defendant awarding Plaintiffs:

A. Compensatory damages for pain and suffering;

B. Reimbursement for the tens of thousands of dollars in medical expenses already expended plus the tens of thousands of dollars that will be expended for continuing medical and rehabilitation costs resulting from the physical and emotional damage suffered by Tammy L. Cohen;

C. Punitive damages;

D. Compensatory damages for loss of consortium; and

E. Interest, costs and disbursements of this action, together with such other legal or equitable relief as this Court may deem just and proper.

THE DWECK LAW FIRM, LLP

By: Corey Stark (CS-3897)
*Attorneys for Plaintiffs*
75 Rockefeller Plaza
New York, New York 10019
(212) 687-8200

## JURY DEMAND

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
April 17, 2014

                                THE DWECK LAW FIRM, LLP

                                *[signature]*

                                By Corey Stark (CS-3897)
                                *Attorneys for Plaintiffs*
                                75 Rockefeller Plaza
                                New York, New York 10019
                                (212) 687-8200