UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY L. COHEN and PAUL H. COHEN,<br><br>Plaintiffs.<br><br>V.<br><br>INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL.<br><br>Defendant. | Civil Action No.: 3:14-CV-2822-VB<br><br>**AMENDED ANSWER** |

Defendant IHG Management (Maryland) LLC, incorrectly pled as "Intercontinental Hotels Corporation d/b/a Crowne Plaza White Plains Hotel" by way of Amended Answer to the Complaint of Plaintiffs Tammy L. Cohen and Paul H. Cohen says as follows:

### RESPONSE TO NATURE OF THE ACTION

1. Defendant denies the allegations set forth in paragraph 1 of the Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO JURISDICTIONAL ALLEGATIONS

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO VENUE ALLEGATIONS

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO PARTIES ALLEGATIONS

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4-7 of plaintiffs' Complaint.

5. Defendant admits the allegations set forth in paragraphs 8 and 10 of the Complaint, however this entity did not own, operate, manage or control the day to day operations of the hotel.

6. Defendant denies the allegations set forth in paragraphs 9 and 11 of the Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO FACTUAL ALLEGATIONS

6. Defendant denies the allegations set forth in paragraphs 13-18 of plaintiffs' Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO FIRST COUNT OF THE COMPLAINT

7. Defendant repeats and reiterates its responses to each and every allegation contained in paragraphs 1-18 of the Complaint with the same force and effect as if set forth fully at length herein.

8. Defendant denies the allegations set forth in paragraph 20-28 of the Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO SECOND COUNT OF THE COMPLAINT

9. Defendant repeats and reiterates its responses to each and every allegation contained in paragraphs 1-28 of the Complaint with the same force and effect as if set forth fully at length herein.

10. Defendant denies the allegations set forth in paragraph 30-32 of the Complaint and leaves plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Recovery is barred in this action by the failure of the Complaint to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The defendant, its agents and its employees were not guilty of negligence and violated no duty to plaintiffs.

### THIRD SEPARATE DEFENSE

Recovery is barred in this action, in whole or in part, by the contributory negligence of the plaintiffs.

### FOURTH SEPARATE DEFENSE

The accident was caused by the negligence of persons and entities over whom the defendant had no control.

### FIFTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon the defendant is subject to reduction by the application of comparative negligence.

### SIXTH SEPARATE DEFENSE

Plaintiffs have not sustained any damages by virtue of any act or omission of this defendant or by any authorized or ratified act or omission of any of its agents or employees.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because there is no causal relationship between any acts or omissions by this defendant and the damages, if any, suffered by plaintiffs.

### EIGHTH SEPARATE DEFENSE

Any injuries alleged by plaintiffs were due to a condition of which defendant had no actual or constructive notice.

### NINTH SEPARATE DEFENSE

Plaintiffs failed to mitigate damages reasonably as a matter of law.

### TENTH SEPARATE DEFENSE

Defendant acted appropriately at all times and within its rights and/or responsibilities as the owner of the premises.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs do not have subject matter jurisdiction over the defendant.

### TWELFTH SEPARATE DEFENSE

Plaintiffs do not have personal jurisdiction over the defendant.

### THIRTEENTH SEPARATE DEFENSE

Recovery is barred in this action by reason of the applicable Statute of Limitations.

### FOURTEENTH SEPARATE DEFENSE

The Summons and Complaint are defective because of insufficiency of process.

### FIFTEENTH SEPARATE DEFENSE

If injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable in whole or in part to the culpable conduct of others herein and by reason thereof, the respective rights of the parties should be determined pursuant Sections 1411 and 1412 of the CPLR.

### SIXTEENTH SEPARATE DEFENSE

Upon information and belief any past or future costs for expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodian care or rehabilitative services, loss of earnings or other economic loss, have been or will be with reasonable certainty be replaced or indemnified in whole or in part from collateral sources as defined in Section 4545 (c) of the CPLR.

### SEVENTEENTH SEPARATE DEFENSE

Pursuant to the provisions of Article 16 of CPLR, should defendant be found liable to plaintiffs for damages, such liability being fifty percent or less of the total liability assigned to all persons liable, the liability of defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all persons liable.

### EIGHTEENTH SEPARATE DEFENSE

In the event that the plaintiffs have or should in the future, settle any portion of their claims arising from the allegations contained in the plaintiffs' Complaint with any currently named or to be named defendant, the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

### NINETEENTH SEPARATE DEFENSE

Any and all risks, hazards, defects and dangers alleged were of an obvious and apparent nature and inherent and known or should have been known to plaintiffs and the plaintiffs willingly and voluntarily assumed all such risks, hazards, defects and dangers. If it is determined that the plaintiffs assumed the risk, defendant plead said facts and diminution of damages in the proportion which the culpable conduct attributable to the plaintiffs bear to the culpable conduct which caused the damages.

## RESERVATION OF RIGHTS

Defendant reserves the right, at or before trial, to bring additional defenses pending discovery and investigation of plaintiff's claims in this action, and further to move to dismiss the Complaint and/or for summary judgment on the grounds the Complaint fails to state a claim upon which relief can be granted and/or the defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues so triable.

WHEREFORE, Defendant IHG Management (Maryland) LLC, incorrectly pled as "Intercontinental Hotels Corporation d/b/a Crowne Plaza White Plains Hotel demands judgment dismissing plaintiff's Complaint herein and further demands judgment over and against plaintiffs for the amount of any judgment obtained against defendant by plaintiffs, or on the basis of apportionment of responsibility, in such amounts as a jury or the Court may direct, together with the costs and disbursements of this action.

Dated: May 30, 2014

                                BONNER KIERNAN TREBACH
                                & CROCIATA, LLP

By: _____
     Scott H. Goldstein, Esq. (SHG 8333)
     Attorneys for Defendant
     IHG Management (Maryland) LLC,
     incorrectly pled as "Intercontinental Hotels
     Corporation d/b/a Crowne Plaza White
     Plains Hotel"