JACK S. DWECK*
H.P. SEAN DWECK**
COREY STARK***

CHRISTOPHER FRASER***

ERIC J. SCHMERTZ
1925-2010

\* ADMITTED TO N.Y., CONN. AND FLA. BARS
\*\* ADMITTED TO N.Y., AND PA. BARS
\*\*\* ADMITTED TO N.Y., AND N.J. BARS

THE DWECK LAW FIRM, LLP
10 ROCKEFELLER PLAZA
NEW YORK, N.Y. 10020

TELEPHONE:   (212) 687-8200
FACSIMILE:   (212) 697-2521
             (212) 949-7477

www.dwecklaw.com

WESTCHESTER OFFICE
901 NORTH BROADWAY
NORTH WHITE PLAINS, N.Y. 10603

NOT FOR SERVICE OF PAPERS

CONNECTICUT OFFICE
GRAVEL ISLAND ROAD
NEW CANAAN, CT 06840

(203) 972-3000

NOT FOR SERVICE OF PAPERS

December 12, 2014

*By ECF*

Hon. Vincent L. Briccetti
United States District Judge
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

> Re:   Cohen v. InterContinental Hotels Corporation
>       Civil Action No.: 14 CV 2822(VLB)(PED)

Dear Judge Briccetti:

I am a member of The Dweck Law Firm, LLP, attorneys for Plaintiffs in the above-referenced matter. I write to renew my request for a pre-motion discovery conference and to seek leave to file an amended complaint.

This is a personal injury matter. On December 29, 2013, Plaintiff Tammy Cohen fell in a bathtub located within a room that she rented at Defendants hotel (the "Hotel"). Ms. Cohen fell because Defendant failed to maintain the bathtub in a safe condition. As a result of the fall, Ms. Cohen suffered a torn rotator cuff, which has required surgical intervention and substantial rehabilitative physical therapy.

### Discovery Dispute

Prior to writing this letter, I attempted to resolve the discovery dispute with Defendant's attorney Scott Goldstein. While I am pleased to report that we reached an accord on many issues and Defendant has agreed to provide supplemental responses, we were not able to agree on the temporal scope of the demands. Below are the discovery demands to which we received

THE DWECK LAW FIRM, LLP

Hon. Vincent L. Briccetti
December 12, 2014
Page 2 of 5

inadequate responses, Defendant's objections, and a brief discussion why Defendant should supplement each of the discovery requests.

Interrogatory No. 3: Identify all reports concerning any maintenance/repairs of the Room during the Relevant Time Period.

>   Defendant's Response: *See response to Plaintiffs First Request for Documents No. 2.*

Interrogatory No. 5: Identify each individual who performed inspections of the Room during the Relevant Time Period.

>   Defendant's Response: *See response to No.2.*

Interrogatory No. 14: Identify any documents concerning prior incidents and/or accidents involving the bathtub and/or shower in the Room during the Relevant Time Period in which any person(s) sustained an injury.

>   Defendant's Response: *None during the applicable time period of July, 2013 until the date of the accident.*

Document Request No. 2: All maintenance/repair logs concerning the Room for the Relevant Time Period.

>   Defendant's Response: *See General Objections 4, 6, and 7. Notwithstanding and without waiving said objections, defendants annex the following maintenance repair logs concerning the bathtub in the subject room where plaintiff fell from July 15, 2013 (when the bathtubs were treated with slip resistance) going forward as Bates Numbers 2-5.*

Document Request No. 3: All documents concerning any maintenance/repairs in the Room including, but no limited to, work orders for the Relevant Time Period.

>   Defendant's Response: *See General Objections 4, 6, 7. Notwithstanding and without waiving said objections see response to 2.*

Document Request No. 4: All documents concerning the inspections performed on the Room during the Relevant Time Period.

>   Defendant's Response: *See General Objections 4, 6, 7. Notwithstanding and without waiving said objections see response to 2.*

THE DWECK LAW FIRM, LLP

Hon. Vincent L. Briccetti
December 12, 2014
Page 3 of 5

>   Document Request No. 8: All reports concerning any other incidents that occurred at the Crown Plaza involving injuries sustained in the bathtubs and/or showers during the Relevant Time Period.
>
>   > Defendant's Response: *See General Objection 1, 4, 6, and 7. Notwithstanding and without waiving said objections, after July 15,2013 and before December 29,2013, Defendant is not aware of any incidents involving injuries that took place in the Crowne Plaza bathtubs and/or showers.*
>
>   Document Request No. 9: All documents concerning customer complaints regarding the Crown Plaza's bathtubs and/or showers during the Relevant Time Period.
>
>   > Defendant's Response: *See General Objections 1, 4, 6, and 7. Notwithstanding and without waiving said objections, after July 15, 2013 and before December 29, 2013, defendant has not located any customer complaints regarding the Crowne Plaza's bathtubs and/or showers.*
>
>   Document Request No. 10: All complaints whether formal or informal, made by any individual concerning personal injuries that occurred involving the Crown Plaza's bathtubs and/or showers during the Relevant Time Period.
>
>   > Defendant's Response: *See Responses to 8 and 9.*
>
>   Document Request No. 23: Documents concerning the installation of slip resistant materials in the Room prior to the Incident.
>
>   > Defendant's Response: *See General Objections 4, 5, 7 and 9. Notwithstanding and without waiving said objections, see response to 15.*

**Discussion**

I have elected to discuss each of the discovery demands to which we received inadequate responses together because the requests and responses involve a common issue concerning the temporal scope. The Relevant Time Period is a defined term, which means the three-year period between December 29, 2010 and December 29, 2013. Defendant has unilaterally limited the Relevant Time Period to July 15, 2013 through December 29, 2013, which is less than six months.

Defendant's six-month limitation on the temporal scope of the demands is untenable for two primary reasons. First, Defendant waived the right to object to the demands by serving

THE DWECK LAW FIRM, LLP

Hon. Vincent L. Briccetti
December 12, 2014
Page 4 of 5

responses four months after the Fed. R. Civ. P. 33 deadline expired.[1] *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161 (S.D.N.Y. 2011); *Rahman v. Smith & Wollensky*, 2007 WL 1521117 at *2 (S.D.N.Y. May 24, 2007); *Eldaghar v. City of New York Dep't of Citywide Admin.*, 2003 WL 22455220 *1 (S.D.N.Y. October 28, 2013). Second, Defendant's objection that the documents and information sought are irrelevant because Defendant hired a contractor in July 2013 to perform work on the hotel's bathtubs lacks merit. It is axiomatic that Plaintiff is entitled to inquire into the condition of the bathtub, maintenance and complaints in order to establish that Defendant had notice of the dangerous condition. Defendant has some limited documents that suggest that it hired a contractor to apply an anti-slip chemical treatment in July 2013, but these documents are incomplete and insufficient to support Defendant's relevance argument. Defendant's relevance argument is empty because it has not produced any document that reflects that the bathtub in the room that Ms. Cohen suffered her fall was treated. Since Defendant allegedly hired this contractor it is beyond dispute that it should have possession or control over these documents. Moreover, the four-month discovery delay provided Defendant ample time to assemble the documents that it would need to support its objection. Accordingly, this Court should direct Defendant to produce the discovery described above.

### Plaintiffs' Proposed Motion To Amend The Complaint

Remarkably, Defendant waited until December 2, 2014 to identify the contractor who allegedly applied an anti-slip chemical treatment to the bathtub. Assuming the contractor did treat the bathtub at issue, Plaintiffs have a claim against it for negligence as well because the Bathtub remained dangerously slippery.

The Supreme Court has held that in order to effectuate the liberal mandate of Fed R. Civ. P. 15(c), courts normally should grant a party leave to amend its pleadings, so long as the party presents even colorable grounds for the amended portion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave sought should, as the rules require, be 'freely given.'" *Id. Accord Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 29 (2d Cir. 1995) (reversing the district court's denial of a motion to amend).

Here, the facts and circumstances strongly favor granting Plaintiffs leave to amend their complaint to include claims against the contractor. The proposed additional claims are colorable and since Defendant did not identify the contract until last week, there is no dilatory conduct or bad faith. No prejudice would befall Defendant if Plaintiffs are given leave to amend their

---

[1] Plaintiffs served the first set of interrogatories and request for the production of documents (the "Discovery Requests") on July 8, 2014. Pursuant to Fed. R. Civ. P 33, Defendant's deadline to respond to the Interrogatories expired on August 7, 2014. Despite this, Defendant did not seek or obtain an extension of the deadline to respond to the Discovery Requests, and Defendant did not serve responses until December 2, 2014.

THE DWECK LAW FIRM, LLP

Hon. Vincent L. Briccetti
December 12, 2014
Page 5 of 5

complaint. In fact, Defendant's attorney has advised me that he consents to an amended complaint that includes claims against the contractor.

We look forward to discussing the foregoing at the pre-motion conference.

Thank you for your consideration of the foregoing.

                              Respectfully yours,

                              THE DWECK LAW FIRM, LLP

                              Corey Stark

cc:    Scott Goldstein, Esq. (By ECF)