UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY L. COHEN and PAUL H. COHEN, <br><br> Plaintiffs, <br><br> -against- <br><br> INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL and SAFE STEP, INC., <br><br> Defendants. | 14 Civ. 2822(VB) <br><br><br> **ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS AND JURY DEMAND** |

Defendant, SAFE STEP, INC., by and through its attorneys, Callahan & Fusco, LLC, as and for its Answer to plaintiffs' Amended Complaint, states upon information and belief as follows:

### NATURE OF THE ACTION

1. Denies the allegations contained in paragraph "1" of the Amended Complaint.

### JURISDICTION

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint.

### VENUE

3. Denies the allegations contained in paragraph "3" of the Amended Complaint.

## PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint.

## FACTUAL ALLEGATIONS

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended Complaint.

19.     Denies the allegations contained in paragraph "19" of the Amended Complaint.

20.     Denies the allegations contained in paragraph "20" of the Amended Complaint.

21.     Denies the allegations contained in paragraph "21" of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIRST COUNT

22.     Answering Defendant repeats and realleges its answers to Paragraphs "1" through "21" as though fully set forth at length herein.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE SECOND COUNT

33. Answering Defendant repeats and realleges its answers to Paragraphs "1" through "32" as though fully set forth at length herein.

34. Denies the allegations contained in paragraph "34" of the Amended Complaint.

35. Denies the allegations contained in paragraph "35" of the Amended Complaint.

36. Denies the allegations contained in paragraph "36" of the Amended Complaint.

37. Denies the allegations contained in paragraph "37" of the Amended Complaint.

38. Denies the allegations contained in paragraph "38" of the Amended Complaint.

39. Denies the allegations contained in paragraph "39" of the Amended Complaint.

40. Denies the allegations contained in paragraph "40" of the Amended Complaint.

41. Denies the allegations contained in paragraph "41" of the Amended Complaint.

42. Denies the allegations contained in paragraph "42" of the Amended Complaint.

43. Denies the allegations contained in paragraph "43" of the Amended Complaint.

44. Denies the allegations contained in paragraph "44" of the Amended Complaint.

### AS AND FOR A RESPONSE TO THE THIRD COUNT

45. Answering Defendant repeats and realleges its answers to Paragraphs "1" through "44" as though fully set forth at length herein.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Amended Complaint.

47. Denies the allegations contained in paragraph "47" of the Amended Complaint.

48. Denies the allegations contained in paragraph "48" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to set forth a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The causes of action asserted by the plaintiff as against this defendant are time barred pursuant to the applicable Statute of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Amended Complaint, all of which is expressly denied, then such damages were caused, either in whole or in part, by plaintiff's own culpable conduct, fault and/or negligence, and any recovery herein shall be diminished accordingly in whole or in part.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Amended Complaint, all of which is expressly denied, then such damages were caused by plaintiff's assumption of risk and are not recoverable from this defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Amended Complaint, all of which is expressly denied, then such damages were caused by the culpable conduct, fault

and/or negligence of other persons and/or entities over which this defendant had no control, with no act or omission on the part of this defendant contributing thereto.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all persons and/or entities necessary for the just adjudication of this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This defendant is not proper party to this action, and thus, the Amended Complaint should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages alleged to have been suffered by plaintiff were caused in whole or in part by the conduct of persons or entities other than this defendant. Therefore, plaintiff's claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bear to the total culpable conduct causing damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has received reimbursement for all or a part of the damages claimed, plaintiff should be estopped from asserting the same herein.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent that all or a part of plaintiff's damages have been paid or will be paid by collateral sources, no award should be made for the same.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

This action is subject to the provisions of Article 16 of the CPLR.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If a dangerous or defective condition existed, which is expressly denied, this defendant had no notice of its presence.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages as alleged in the Amended Complaint, all of which is expressly denied, then this defendant asserts that plaintiff's injuries were pre-existing and not causally related to the alleged incident.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to CPLR Section 1412, any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff including contributory negligence or assumption of risk and not by the culpable conduct or negligence of this answering defendant.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, as required by law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Any alleged damages or injuries suffered by plaintiff were not proximately caused by the actions of this answering defendant.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this answering defendant where it was not served with process according to the explicit rules of the CPLR or FRCP.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries and damages alleged as a result of the subject product, she is barred from recovery from this defendant as the product was altered or

used, in a manner not reasonably anticipated, after it left this defendant's custody, possession, and control.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendant claims any and all defenses, limitations, and/or exclusions available to it pursuant to the terms of any written contract(s) and/or agreement(s) executed between defendant and plaintiff or between defendant and any of the other defendants or between the other defendants themselves or between the other defendants and any third parties.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to discover the alleged defect, which defect is denied, or guard against the possibility of its existence and continued to use said product in a negligent manner.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant relies upon any and all further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any additional affirmative defenses.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages against this defendant would violate the due process clause of the 14th Amendment to the United States Constitution and the due process provisions of the Constitution of the State of New York and would be improper under the common law and public policies of the State of New York.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST CO-DEFENDANT INTERCONTINENTAL HOTELS CORPORATION
## d/b/a CROWNE PLAZA WHITE PLAINS HOTEL.
### (Contribution)

Defendant SAFE STEP, INC., as and for its First Cross-Claim against co-defendant INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, alleges as follows:

Defendant, SAFE STEP, INC., while denying negligence, asserts that any willful misconduct, fault or negligence was that of co-defendant INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, and that the liability of defendant SAFE STEP, INC., if any, was of a derivative or secondary nature, and that the liability of co-defendant INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, was of a primary character, thus giving rise to a duty on the part of said co-defendant to hold SAFE STEP, INC., harmless and to indemnify SAFE STEP, INC., from any loss herein and/or contribute to any judgment in favor of plaintiff.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST CO-DEFENDANT INTERCONTINENTAL HOTELS CORPORATION
## d/b/a CROWNE PLAZA WHITE PLAINS HOTEL.
### (Common Law Indemnification)

Defendant SAFE STEP, INC., as and for its Second Cross-Claim against co-defendant INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, alleges as follows:

By reason of the contractual and/or legal relationship between defendant SAFE STEP, INC., and co-defendant INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, co-defendant is obligated to defend,

indemnify and make harmless defendant SAFE STEP, INC., with respect to the matters alleged in the Amended Complaint.

## AS AND FOR A THIRD CROSS-CLAIM
## AGAINST CO-DEFENDANT INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL.
### (Contractual Indemnification)

SAFE STEP, INC., as and for its Third Cross-Claim against INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, alleges as follows:

That INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL and SAFE STEP, INC. entered into a contract wherein INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL agreed to hold harmless and indemnify and assume the defense of SAFE STEP, INC., with said contract being in full force and effect as of the date of plaintiff's accident as alleged in the Amended Complaint.

That by reason of the foregoing, INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL will be liable to indemnify and pay defense costs to SAFE STEP, INC. in whole or in part for the amount of any recovery obtained herein by the plaintiff against SAFE STEP, INC. as the Court or Jury may direct.

That by reason of the action, SAFE STEP, INC. has incurred and will continue to incur costs and expenses, including attorneys' fees.

### AS AND FOR A FOURTH CROSS-CLAIM
### AGAINST CO-DEFENDANT INTERCONTINENTAL HOTELS CORPORATION
### d/b/a CROWNE PLAZA WHITE PLAINS HOTEL.
### (Breach of Contract)

SAFE STEP, INC., as and for its Fourth Cross-Claim against INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, alleges as follows:

That if plaintiff was caused to sustain damages as alleged in the Verified Complaint, through any acts other than the plaintiff's own negligence, carelessness and recklessness, said damages were sustained due to the breach of lease/contract/warranty by INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL, its agents, servants and/or employees.

Further, if the plaintiff should recover judgment against SAFE STEP, INC., then INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL shall be liable to SAFE STEP, INC., on the basis of apportionment of responsibility for the alleged occurrence and SAFE STEP, INC. is entitled to contribution from and judgment over and against INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL for all or part of any verdict or judgment which plaintiff may recover in such amounts as a Jury or Court may direct.

Or, if plaintiff should recover judgment against SAFE STEP, INC., then INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL shall be liable to SAFE STEP, INC. as a result of the breach and for the alleged occurrence, and SAFE STEP, INC. is entitled to indemnification from and judgment over and against INTERCONTINENTAL HOTELS CORPORATION d/b/a

CROWNE PLAZA WHITE PLAINS HOTEL for all or part of any verdict or judgment which plaintiff may recover in such amounts as a Jury or Court may direct.

That by reason of the action, SAFE STEP, INC. has incurred and will continue to incur costs and expenses, including attorneys' fees.

## REPLY TO ALL CROSS-CLAIMS

Defendant SAFE STEP, INC., by way of its Reply to All Cross-Claims asserted against it, or which shall be asserted against it, denies each and every allegation contained therein.

## DEMAND FOR JURY TRIAL

A twelve-member jury is hereby demanded in the above-captioned case by defendant SAFE STEP, INC.

**WHEREFORE**, it is respectfully requested that the Amended Complaint and any and all claims or cross-claims asserted against defendant SAFE STEP, INC., be dismissed, with prejudice, with costs, interest, disbursements and attorneys' fees incurred herein, and with such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 27, 2015

                                                  CALLAHAN & FUSCO, LLC
                                                  Attorneys for Defendant
                                                  SAFE STEP, INC.

                                                  By:   s/ William A. Sicheri
                                                       WILLIAM A. SICHERI, Esq.
                                                       (WS1125)
                                                       40 Exchange Place, 18th Floor
                                                       New York, New York 10005
                                                       (212) 448-9570

TO:    Corey Stark, Esq.
        The Dweck Law Firm, LLP
        10 Rockefeller Plaza
        New York, New York 10020
        (212) 687-8200

        Scott Goldstein, Esq.
        Bonner Kiernan Trebach & Crociata LLP
        299 Cherry Hill Road, Suite 300
        Parsippany, New Jersey 07054
        (973) 335-8480