UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY L. COHEN and PAUL H. COHEN,<br><br>                       Plaintiffs.<br><br>V.<br><br>INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL and SAFE STEP, INC.<br><br>                       Defendants. | Civil Action No.: 3:14-CV-2822-VB<br><br>**ANSWER TO AMENDED COMPLAINT WITH CROSS-CLAIMS AND JURY DEMAND** |

Defendant IHG Management (Maryland) LLC, incorrectly pled as "Intercontinental Hotels Corporation d/b/a Crowne Plaza White Plains Hotel" by way of Answer to the Amended Complaint of Plaintiffs Tammy L. Cohen and Paul H. Cohen says as follows:

### RESPONSE TO NATURE OF THE ACTION

1. Defendant denies the allegations set forth in paragraph 1 of the Amended Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO JURISDICTIONAL ALLEGATIONS

2. Defendant denies the allegations set forth in paragraph 2 of the Amended Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO VENUE ALLEGATIONS

3. Defendant denies the allegations set forth in paragraph 3 of the Amended Complaint and leaves plaintiffs to their proofs.

## RESPONSE TO PARTIES ALLEGATIONS

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4-7 of the Amended Complaint.

5 Defendant admits the allegations set forth in paragraphs 8 and 10 of the Amended Complaint.

6. Defendant denies the allegations set forth in paragraph 9 and 11 of the Amended Complaint and leaves plaintiffs to their proofs. IHG Management (Maryland) LLC admits that it managed the hotel known as Crowne Plaza White Plains-Downtown, which is located at 66 Hale Avenue, White Plains, New York.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 12-14 of the Amended Complaint and leaves plaintiffs to their proofs.

## RESPONSE TO FACTUAL ALLEGATIONS

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint and leaves plaintiffs to their proofs.

9. Defendant admits the allegation set forth in paragraph 16 of the Amended Complaint.

10. Defendant denies the allegations set forth in paragraphs 17-21 of plaintiffs' Amended Complaint and leaves plaintiffs to their proofs.

## RESPONSE TO FIRST COUNT OF THE AMENDED COMPLAINT

11.  Defendant repeats and reiterates its responses to each and every allegation contained in paragraphs 1-21 of the Amended Complaint with the same force and effect as if set forth fully at length herein.

12.  Defendant denies the allegations set forth in paragraph 23-32 of the Amended Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO SECOND COUNT OF THE AMENDED COMPLAINT

13.  Defendant repeats and reiterates its responses to each and every allegation contained in paragraphs 1-32 of the Amended Complaint with the same force and effect as if set forth fully at length herein.

14.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34-44 of the Amended Complaint and leaves plaintiffs to their proofs.

### RESPONSE TO THIRD COUNT OF THE AMENDED COMPLAINT

15.  Defendant repeats and reiterates its responses to each and every allegation contained in paragraphs 1-44 of the Amended Complaint with the same force and effect as if set forth fully at length herein.

16.  Defendant denies the allegations set forth in paragraph 46-48 of the Amended Complaint and leaves plaintiffs to their proofs.

### AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Recovery is barred in this action by the failure of the Amended Complaint to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The defendant, its agents and its employees were not guilty of negligence and violated no duty to plaintiffs.

### THIRD SEPARATE DEFENSE

Recovery is barred in this action, in whole or in part, by the contributory negligence of the plaintiffs.

### FOURTH SEPARATE DEFENSE

The accident was caused by the negligence of persons and entities over whom the defendant had no control.

### FIFTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon the defendant is subject to reduction by the application of comparative negligence.

### SIXTH SEPARATE DEFENSE

Plaintiffs have not sustained any damages by virtue of any act or omission of this defendant or by any authorized or ratified act or omission of any of its agents or employees.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred because there is no causal relationship between any acts or omissions by this defendant and the damages, if any, suffered by plaintiffs.

### EIGHTH SEPARATE DEFENSE

Any injuries alleged by plaintiffs were due to a condition of which defendant had no actual or constructive notice.

### NINTH SEPARATE DEFENSE

Plaintiffs failed to mitigate damages reasonably as a matter of law.

### TENTH SEPARATE DEFENSE

Defendant acted appropriately at all times and within its rights and/or responsibilities as the owner of the premises.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs do not have subject matter jurisdiction over the defendant.

### TWELFTH SEPARATE DEFENSE

Plaintiffs do not have personal jurisdiction over the defendant.

### THIRTEENTH SEPARATE DEFENSE

Recovery is barred in this action by reason of the applicable Statute of Limitations.

### FOURTEENTH SEPARATE DEFENSE

The Amended Summons and Amended Complaint are defective because of insufficiency of process.

### FIFTEENTH SEPARATE DEFENSE

If injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Amended Complaint, such injuries and damages are attributable in whole or in part to the culpable conduct of others herein and by reason thereof, the respective rights of the parties should be determined pursuant Sections 1411 and 1412 of the CPLR.

### SIXTEENTH SEPARATE DEFENSE

Upon information and belief any past or future costs for expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodian care or rehabilitative services, loss of earnings or other economic loss, have been or will be with reasonable certainty be replaced or indemnified in whole or in part from collateral sources as defined in Section 4545 (c) of the CPLR.

### SEVENTEENTH SEPARATE DEFENSE

Pursuant to the provisions of Article 16 of CPLR, should defendant be found liable to plaintiffs for damages, such liability being fifty percent or less of the total liability assigned to all persons liable, the liability of defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all persons liable.

### EIGHTEENTH SEPARATE DEFENSE

In the event that the plaintiffs have or should in the future, settle any portion of their claims arising from the allegations contained in the plaintiffs' Amended Complaint with any currently named or to be named defendant, the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

### NINETEENTH SEPARATE DEFENSE

Any and all risks, hazards, defects and dangers alleged were of an obvious and apparent nature and inherent and known or should have been known to plaintiffs and the plaintiffs willingly and voluntarily assumed all such risks, hazards, defects and dangers. If it is determined that the plaintiffs assumed the risk, defendant plead said facts and diminution of damages in the proportion which the culpable conduct attributable to the plaintiffs bear to the culpable conduct which caused the damages.

Defendant IHG Management (Maryland) LLC, incorrectly pled as "Intercontinental Hotels Corporation d/b/a Crowne Plaza White Plains Hotel" by way of Answer to Co-Defendant Safe Step Inc.'s Answers says as follows:

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT SAFE STEP INC. (CONTRIBUTION)

That if plaintiffs sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that this defendant is liable to them herein, all of which is specifically denied, then this defendant, on the basis of apportionment of responsibility, is entitled to contribution from co-defendant Safe Step Inc. to pay for all or part of any verdict or judgment that plaintiff may recover against it proportionate to the their actual negligence, together with attorneys' fees and the costs and disbursements of this action.

WHEREFORE, this defendant hereby demands contribution against co-defendant Safe Step Inc. for all sums that may be awarded against it together with interest, costs and attorneys' fees.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT SAFE STEP INC. (INDEMNIFICATION)

That if plaintiffs sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that this defendant is liable to her herein, all of which is specifically denied, then this defendant, on the basis of common-law indemnification, is entitled to recovery from co-defendant Safe Step Inc. to pay for all or part of any verdict or judgment that plaintiffs may recover against this defendant, together with attorneys' fees and the costs and disbursements of this action.

WHEREFORE, this defendant demands judgment for common law indemnification against co-defendant Safe Step Inc. for all sums that may be awarded against it, together with interests, costs and attorneys' fees.

### RESPONSE TO CO-DEFENDANT'S FIRST CROSS-CLAIM

Defendant denies the allegations set forth in co-defendant's First Cross-Claim and leaves co-defendant to his proofs.

### RESPONSE TO CO-DEFENDANT'S SECOND CROSS-CLAIM

Defendant denies the allegations set forth in co-defendant's Second Cross-Claim and leaves co-defendant to his proofs.

### RESPONSE TO CO-DEFENDANT'S THIRD CROSS-CLAIM

Defendant denies the allegations set forth in co-defendant's Third Cross-Claim and leaves co-defendant to his proofs.

### RESPONSE TO CO-DEFENDANT'S FOURTH CROSS-CLAIM

Defendant denies the allegations set forth in co-defendant's Fourth Cross-Claim and leaves co-defendant to his proofs.

### RESERVATION OF RIGHTS

Defendant reserves the right, at or before trial, to bring additional defenses pending discovery and investigation of plaintiff's claims in this action, and further to move to dismiss the Amended Complaint and/or for summary judgment on the grounds the Amended Complaint fails to state a claim upon which relief can be granted and/or the defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

### JURY DEMAND

Demand is hereby made for trial by jury as to all issues so triable.

WHEREFORE, Defendant IHG Management (Maryland) LLC, incorrectly pled as "Intercontinental Hotels Corporation d/b/a Crowne Plaza White Plains Hotel demands judgment dismissing plaintiff's Amended Complaint herein and further demands judgment over and against plaintiffs for the amount of any judgment obtained against defendant by plaintiffs, or on the basis of apportionment of responsibility, in such amounts as a jury or the Court may direct, together with the costs and disbursements of this action.

Dated:

BONNER KIERNAN TREBACH<br>
& CROCIATA, LLP

By: _____
Scott H. Goldstein, Esq. (SHG 8333)
Attorneys for Defendant
IHG Management (Maryland) LLC,
incorrectly pled as "Intercontinental Hotels
Corporation d/b/a Crowne Plaza White
Plains Hotel"

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY L. COHEN and PAUL H. COHEN,<br><br>Plaintiffs.<br><br>V.<br><br>INTERCONTINENTAL HOTELS CORPORATION d/b/a CROWNE PLAZA WHITE PLAINS HOTEL.<br><br>Defendant. | Civil Action No.: 3:14-CV-2822-VB<br><br>**AFFIRMATION OF SERVICE** |

    I, Scott H. Goldstein, an attorney duly admitted to practice law in the Courts of the State of New York do hereby affirm and certify under penalty of perjury that:

    On March 31, 2015 a copy of Defendant's **Answer to Amended Complaint with Cross-claims and Jury Demand** were served this day by ECF to the following:

| | |
|---|---|
| Corey Stark<br>The Dweck Law Firm, LLP<br>75 Rockefeller Plaza<br>New York, NY 10019<br>*Attorneys for Plaintiff* | Johan Obregon, Esq.<br>CALLAHAN & FUSCO LLC<br>103 Eisenhower Parkway, Suite 400<br>Roseland, New Jersey 07068<br>*Attorneys for Defendant Safe Step Inc.* |

Dated: New York, New York
       October 5, 2015

Yours etc.,

By: _____
    Scott H. Goldstein
    BONNER KIERNAN TREBACH
      & CROCIATA, LLP
    Attorneys for Defendant
    IHG Management (Maryland) LLC,
    incorrectly pled as "Intercontinental
    Hotels Corporation d/b/a Crowne Plaza
    White Plains Hotel"
    350 Fifth Avenue - 59th Floor
    New York, New York 10118
    (212) 268-7535